1

2

3

4

5

6

7

8

9

10

11

12

13

14

# UNITED STATES DISTRICT COURT

15

EASTERN DISTRICT OF CALIFORNIA

16    ERIC HOLMES,                                CV F  05-825 AWI LJO P

17                         Plaintiff,

                                                  ORDER DISMISSING COMPLAINT WITH
18         v.                                     LEAVE TO AMEND (Doc. 1)

19                                                ORDER DIRECTING CLERK OF COURT TO
      SCRIBNER, et. al.,                          SEND PLAINTIFF BLANK CIVIL RIGHTS
20                                                FORM
                         Defendants.
21    _____/

22
          Eric Holmes ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in
23
      this civil rights action pursuant to 42 U.S.C. § 1983.
24
      **A. SCREENING STANDARD**
25
          The court is required to screen complaints brought by prisoners seeking relief against a
26
      governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The
27
      court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally
28

1

1  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

2  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

3  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

4  dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

5  claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

6        A complaint, or portion thereof, should only be dismissed for failure to state a claim upon

7  which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in

8  support of the claim or claims that would entitle him to relief.  See Hishon v. King & Spalding,

9  467 U.S. 69, 73 (1984), *citing* Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v.

10 Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a

11 complaint under this standard, the court must accept as true the allegations of the complaint in

12 question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the

13 pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.

14 Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

15 **B.  SUMMARY OF COMPLAINT**

16       Plaintiff states that he submitted an inmate appeal concerning the loss/destruction of his

17 personal property.  His inmate appeals were granted and as result of this grant, he was offered

18 some replacement items. Plaintiff rejected these items because they were in "poor shape."  As a

19 result of his rejecting the offered items, Plaintiff states he was retaliated against by officials

20 making sure his inmate appeals were denied.  Plaintiff then details the numerous appeals that he

21 attempted to file concerning the property items but they went unanswered or were denied.

22 Plaintiff alleges that his First Amendment rights have been violated by the Defendants in that

23 they have denied him access to the Court by obstructing the grievance process.

24 **C.  CLAIMS FOR RELIEF**

25     ***1.  Linkage Requirement***

26     The Civil Rights Act under which this action was filed provides:

27            Every person who, under color of [state law] . . . subjects, or causes
               to be subjected, any citizen of the United States . . . to the
28            deprivation of any rights, privileges, or immunities secured by the

2

Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  In order to state a claim for relief under section 1983, the plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

### 2. Access to Courts

Inmates have a fundamental constitutional right of access to the courts.  Lewis v. Casey, 518 U.S. 343, 346 (1996).  The right of access is merely the right to bring to court a grievance the inmate wishes to present, and is limited to direct criminal appeals, habeas petitions, and civil rights actions.  Id. at 354.  An inmate claiming interference with or denial of access to the courts must show that he suffered an actual injury.  Id.

Plaintiff has alleged no facts that demonstrate that he has suffered an actual injury.  Some of the appeals that plaintiff alleges went unanswered or were denied concern Plaintiff's appeals regarding the offer of property Plaintiff felt was unacceptable.  Any concern that Plaintiff may have that in me might suffer a dismissal of his suit or suits on the ground that he failed to complete the grievance procedure is insufficient to meet the actual injury requirement.  Indeed, a number of courts have declined to dismiss for failure to exhaust where prison officials have rendered the process itself unavailable, either through the failure to respond in a timely manner or through the failure to respond at all.  Jernigan v. Stuchell, 304 F.3d 1030, 1032 (10th Cir. 2002) (the failure to respond to a grievance within the policy time limits renders remedy unavailable); Lewis v. Washington, 300 F.3d 829, 833 (7th Cir. 2002) (when prison officials fail to respond,

1   the remedy becomes unavailable, and exhaustion occurs); <u>Foulk v. Charrier</u>, 262 F.3d 687, 698

2   (8th Cir. 2001) (district court did not err when it declined to dismiss claim for failure to exhaust

3   where prison failed to respond to grievance); <u>Powe v. Ennis</u>, 177 F.3d 393, 394 (5th Cir. 1999)

4   (when a valid grievance has been filed and the state's time for responding has expired, the

5   remedies are deemed exhausted); <u>Underwood v. Wilson</u>, 151 F.3d 292, 295 (5th Cir. 1998)

6   (when time limit for prison's response has expired, the remedies are exhausted); <u>see also</u>

7   <u>Mitchell v. Horn</u>, 318 F.3d 523, 529 (3d Cir. 2003) (recognizing that a remedy prison officials

8   prevent a prisoner from utilizing is not an available remedy); <u>Brown v. Croak</u>, 312 F.3d 109, 113

9   (3d Cir. 2002) (formal grievance procedure not available where prison officials told prisoner to

10  wait for termination of investigation before filing formal grievance and then never informed

11  prisoner of termination of investigation); <u>Miller v. Norris</u>, 247 F.3d 736, 740 (8th Cir. 2001) (a

12  remedy prison officials prevent a prisoner from utilizing is not an available remedy).

13  Until plaintiff suffers some actual prejudice with respect to his suits and this prejudice results

14  from prison officials' failure to respond to his appeals, Plaintiff has not suffered an actual injury

15  such that he states a cognizable First Amendment claim.

16      *2. Retaliation*

17      Plaintiff's Complaint also alleges that he suffered retaliation in the form of denied or

18  unanswered grievances because he refused to accept the replacement property offered.  Plaintiff,

19  however, also fails to state a retaliation claim.

20      An allegation of retaliation against a prisoner's First Amendment right to file a prison

21  grievance is sufficient to support a claim under Section 1983.  <u>Bruce v. Ylst</u>, 351 F.3d 1283,

22  1288 (9th Cir. 2003.   "Within the prison context, a viable claim of First Amendment retaliation

23  entails five elements: (1) An assertion that a state actor took some adverse action against an

24  inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the

25  inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a

26  legitimate correctional goal." <u>Rhodes v. Robinson</u>, 408 F.3d 559, 567 (9th Cir.2005) (*citations*

27  *omitted*).

28      Here, the Complaint alleges that the retaliation was because Plaintiff refused to accepted

1   the replacement property offered.  Such refusal, however, is not a protected right under the

2   Constitution.  Accordingly, Plaintiff also fails to state a cognizable retaliation claim.

3   **D.  CONCLUSION**

4       The Court finds that Plaintiff's complaint does not contain any claims upon which relief

5   can be granted under § 1983 against any of the Defendants.  The Court will provide Plaintiff with

6   time to file an Amended Complaint curing the deficiencies identified above should he wish to do

7   so.

8       Plaintiff must demonstrate in the Amended Complaint how the conditions complained of

9   resulted in a deprivation of his constitutional rights.  See, Ellis v.  Cassidy, 625 F.2d 227 (9th Cir.

10  1980).  The Amended Complaint must specifically state how each Defendant is involved.

11  Further, there can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or

12  connection between a defendant's actions and the claimed deprivation.  Rizzo v.  Goode, 423,

13  U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.  1980); Johnson v.  Duffy, 588

14  F.2d 740, 743 (9th Cir.  1978).

15      Finally, Plaintiff is advised that Local Rule 15-220 requires that an Amended Complaint

16  be complete in itself without reference to any prior pleading.  As a general rule, an Amended

17  Complaint supersedes the original complaint.  See Loux v.  Rhay, 375 F.2d 55, 57 (9th Cir.

18  1967).  Once an Amended Complaint is filed, the original Complaint no longer serves any

19  function in the case.  Therefore, in an Amended Complaint, as in an original Complaint, each

20  claim and the involvement of each defendant must be sufficiently alleged.  The Amended

21  Complaint should be clearly and boldly titled "AMENDED COMPLAINT," reference the

22  appropriate case number, and be an original signed under penalty of perjury.

23  **E.  ORDER**

24      The Court HEREBY ORDERS:

25      1.      The Clerk of Court is DIRECTED to SEND Plaintiff a blank civil rights

26              complaint form;

27      2.      The Complaint is DISMISSED with leave to amend.  WITHIN THIRTY (30) days

28              from the date of service of this order, Plaintiff SHALL:

1          a.      File an Amended Complaint curing the deficiencies identified by the Court

2                  in this Order, or

3          b.      Notify the Court in writing that he does not wish to file an Amended

4                  Complaint and pursue the action but instead wishes to voluntary dismiss

5                  the case. See Fed.R.Civ.P. 41(a)(1).

6          Plaintiff is forewarned that his failure to comply with this Order may result in a

7 Recommendation that the Complaint be dismissed pursuant to Local Rule 11-110.

8 IT IS SO ORDERED.

9 **Dated:    October 4, 2006**                    _/s/ Lawrence J. O'Neill_
  b9ed48                              UNITED STATES MAGISTRATE JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28