IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC HOLMES,<br><br>    Plaintiff,<br><br>  vs.<br><br>A. K. SCRIBNER, et al.,<br><br>    Defendants.<br>_____/ | 1:05-cv-00825-LJO-GSA-PC<br><br>ORDER VACATING FINDINGS AND RECOMMENDATION OF JULY 23, 2009<br>(Doc. 32.)<br><br>ORDER GRANTING EXTENSION OF TIME TO FILE SECOND AMENDED COMPLAINT<br><br>ORDER DENYING REQUEST FOR COURT-APPOINTED LEGAL ASSISTANCE<br><br>THIRTY DAY DEADLINE TO FILE SECOND AMENDED COMPLAINT |

     Eric Holmes ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983.  On July 23, 2009, the undersigned issued findings and recommendations to dismiss Plaintiff's case for failure to state a claim upon which relief may be granted, based on Plaintiff's failure to timely file a Second Amended Complaint.  (Doc. 32.)  On August 27, 2009, Plaintiff filed objections to the findings and recommendations and requested court-appointed legal assistance.  (Doc. 33.)  Plaintiff asserts that he is legally blind and cannot see, read, or understand documents. Plaintiff states that he failed to file the Second Amended Complaint because there was a lockdown at the prison from July 10, 2009 to August 12, 2009.  He states that he is still

1

waiting to go to the law library to do research and obtain copies.  Plaintiff submits evidence that he has limited vision.  For these reasons, Plaintiff requests legal assistance and additional time to file the Second Amended Complaint.

Regardless of Plaintiff's poor vision and difficulty understanding court documents, this court cannot require an attorney to represent Plaintiff.  <u>Mallard v. United States District Court for the Southern District of Iowa</u>, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017 (9th Cir. 1991).  Without a reasonable method of securing and compensating counsel, this court will seek volunteer counsel only in the most serious and exceptional cases.  "A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success of the merits and the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'"  <u>Terrell</u>, 935 F.2d at 1017 (citations omitted).  In the present case, the court does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional.  This court is faced with similar cases almost daily.  Moreover, at this stage in the proceedings, the court cannot make a determination that Plaintiff is likely to succeed on the merits.  <u>Id.</u>  For the foregoing reasons, Plaintiff's request for the appointment of legal assistance shall be denied.

With regard to Plaintiff's request for additional time to file the Second Amended Complaint, good cause appearing, the findings and recommendations of July 23, 2009 shall be vacated, and plaintiff shall be granted an extension of time in which to file a Second Amended Complaint.

In accordance with the above, IT IS HEREBY ORDERED that:

    1. Plaintiff's request for court-appointed legal assistance is DENIED;

    2. The findings and recommendations of July 23, 2009, are VACATED;

1           3.  Plaintiff is GRANTED additional time in which to file a Second Amended
2  Complaint;
3           4.  Within thirty days of the date of service of this order, Plaintiff shall file a
4  Second Amended Complaint, pursuant to the court's order of November 26, 2008; and
5           5.  Plaintiff's failure to comply with this order shall result in a
6  recommendation that this action be dismissed.

    IT IS SO ORDERED.

    Dated:   **September 18, 2009**                    **/s/ Gary S. Austin**
                                                  UNITED STATES MAGISTRATE JUDGE