# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC HOLMES, | 1:05-cv-00825-LJO-GSA-PC |
| Plaintiff, | ORDER GRANTING MOTION TO DISMISS PURSUANT TO RULE 41 (Doc. 41.) |
| v. | |
| A. K. SCRIBNER, et al., | ORDER DISMISSING ACTION IN ITS ENTIRETY WITHOUT PREJUDICE |
| | ORDER DIRECTING CLERK TO CLOSE FILE |
| Defendants. | |

Plaintiff Eric Holmes ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.  Plaintiff filed the complaint on June 24, 2005.  (Doc. 1.)

On January 29, 2010, the court ordered plaintiff to notify the court whether his intention was to voluntarily dismiss this action, notwithstanding that the court shall continue to collect payment for the filing fee from plaintiff's prison trust account.  (Doc. 40.)  On March 4, 2010, plaintiff responded to the court's order by filing a motion to voluntarily dismiss this action without prejudice.  (Doc. 41.)

///

///

1

In <u>Wilson v. City of San Jose</u>, the Ninth Circuit explained:

> Under Rule 41(a)(1), a plaintiff has an absolute right to voluntarily dismiss his action prior to service by the defendant of an answer or a motion for summary judgment. <u>Concha v. London</u>, 62 F.3d 1493, 1506 (9th Cir. 1995) (citing <u>Hamilton v. Shearson-Lehman American Express</u>, 813 F.2d 1532, 1534 (9th Cir. 1987)). A plaintiff may dismiss his action so long as the plaintiff files a notice of dismissal prior to the defendant's service of an answer or motion for summary judgment. The dismissal is effective on filing and no court order is required. <u>Id.</u> The plaintiff may dismiss some or all of the defendants, or some or all of his claims, through a Rule 41(a)(1) notice. <u>Id.</u>; <u>Pedrina v. Chun</u>, 987 F.2d 608, 609-10 (9th Cir. 1993). The filing of a notice of voluntary dismissal with the court automatically terminates the action as to the defendants who are the subjects of the notice. <u>Concha</u>, 62 F.2d at 1506. Unless otherwise stated, the dismissal is ordinarily without prejudice to the plaintiff's right to commence another action for the same cause against the same defendants. <u>Id.</u> (citing <u>McKenzie v. Davenport-Harris Funeral Home</u>, 834 F.2d 930, 934-35 (9th Cir. 1987)). Such a dismissal leaves the parties as though no action had been brought. Id.

<u>Wilson v. City of San Jose</u>, 111 F.3d 688, 692 (9th Cir. 1997). No defendant has filed an answer or motion for summary judgment in this action. Therefore, plaintiff's motion shall be granted.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to dismiss the complaint is GRANTED;

2. This action is DISMISSED in its entirety without prejudice; and

3. The Clerk of the Court is DIRECTED to close the file in this case and adjust the docket to reflect voluntary dismissal of this action pursuant to Rule 41(a).

IT IS SO ORDERED.

**Dated:   March 8, 2010**              /s/ Lawrence J. O'Neill
                                        UNITED STATES DISTRICT JUDGE